**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNIVERSITY SPINE CENTER,<br><br>            Plaintiff,<br><br>v.<br><br>ANTHEM BLUE CROSS AND BLUE SHIELD,<br><br>            Defendant. | Civil Action No.: 2:17-cv-08676<br><br>**OPINION** |

**CECCHI, District Judge.**

### I.  INTRODUCTION

This matter comes before the Court on the motion of Defendant Anthem Blue Cross and Blue Shield ("Defendant") to dismiss Plaintiff University Spine Center's ("Plaintiff") complaint pursuant to Fed. R. Civ. P. 12(b)(3) and Fed. R. Civ. P. 12(b)(6). (ECF No. 5). The Court has given careful consideration to the submissions from each party. Pursuant to Fed. R. Civ. P. 78(b), no oral argument was heard. For the reasons that follow, Defendant's motion to dismiss is denied; however, the Court will transfer this matter to the Northern District of Ohio.

### II.  BACKGROUND

"Plaintiff [i]s a healthcare provider in the County of Passaic, State of New Jersey." (ECF No. 1-1 at 6). "Defendant is primarily engaged in the business of providing and/or administering health care plans . . . or policies," one of which is the subject of the dispute before the Court (the "Plan"). (*Id.*). The parties agree that the Plan contains a valid forum selection clause, which states that: "Any civil suit brought against the Plan, its Administrator, Sponsor or any other Plan fiduciary may only be submitted and filed in the United States District Court for the Northern District of Ohio." (ECF No. 5-3 at 56, 58).[1]

---

[1] Plaintiff does not include a copy of the Plan as an attachment to its complaint. On a motion to dismiss, however, the Court may consider the allegations in the complaint, any exhibits attached

"On January 19, 2015, Plaintiff provided" services to Danielle S. ("Patient") with respect to "the following procedures: posterior spinal fusion at T3-L1, spinal instrumentation at T3-L1, posterior spinal osteotomies for the correction of scoliosis from T3-L1, and right thoracoplasty with resection of three ribs." (ECF No. 1-1 at 7). Prior to administering services to Patient, "Plaintiff obtained an assignment of benefits from Patient[.]" (*Id.*). After such administration, "Plaintiff prepared Health Insurance Claim Forms . . . formally demanding reimbursement in the amount of $376,586.00 from Defendant[.]" (*Id.*). Defendant reimbursed Plaintiff in the amount of $20,238.79, which Plaintiff alleges "amounts to an underpayment of $356,347.21." (*Id.* at 7-8). Plaintiff maintains that it has "engaged in the applicable administrative appeals process" and requested documents from Defendant, but "Defendant failed to remit additional payment" or "produce the requested documents[.]" (*Id.*).

On August 31, 2017, Plaintiff filed a complaint against Defendant in the Superior Court of New Jersey Law Division, Passaic County alleging: (1) breach of contract;[2] (2) failure to make all payments pursuant to a member's plan under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B); and (3) breach of fiduciary duty under ERISA, 29 U.S.C. § 1132(a)(3), 29 U.S.C. § 1104(a)(1), and 29 U.S.C. § 1105(a). (*Id.* at 8-12). On October 19, 2017, Defendant removed the matter to federal court. (ECF No. 1). On

---

to the complaint, matters of public record, and undisputedly authentic documents upon which the plaintiff's complaint is based. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). A document falls into the latter category even where the complaint does not cite or "explicitly rely[]" on it; "[r]ather, the essential requirement is that the plaintiff's claim be 'based on that document.'" *Brusco v. Harleysville Ins. Co.*, No. 14-914, 2014 WL 2916716, at *5 (D.N.J. June 26, 2014) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)). Here, Plaintiff's complaint explicitly relies on the Plan. (ECF No. 1-1). As such, the Court will properly consider the Plan with Defendant's motion to dismiss.

[2] In Plaintiff's opposition brief, Plaintiff "agree[d] to voluntarily dismiss the state law breach of contract claim in Count One of the Complaint[.]" (ECF No. 8 at 1). Accordingly, count one of Plaintiff's complaint is dismissed.

2

November 27, 2017, Defendant filed a motion to dismiss, (ECF No. 5), on January 2, 2018, Plaintiff opposed, (ECF No. 8), and on January 9, 2018, Defendant replied. (ECF No. 9). Defendant's motion is now before the Court.

### III. LEGAL STANDARD

"Federal Rule of Civil Procedure 12(b)(3) provides for dismissal of a complaint where venue is improper." *Progressive Spine & Orthopaedics, LLC v. Paychex Bus. Sol., LLC*, No. 17-5321, 2018 U.S. Dist. LEXIS 967, at *3 (D.N.J. Jan. 2, 2018). "The Rule allows for dismissal 'only when venue is "wrong" or "improper." Whether venue is "wrong" or "improper" depends exclusively on whether the court in which the case was brought satisfies the requirements of federal venue laws . . . .'" *Id.* at *3-4 (quoting *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Court for the W. Dist. of Tex.*, 134 S. Ct. 568, 577 (2013)). "The movant bears the burden of showing that venue is improper." *Id.* at *4.

"Section 1404(a) provides, 'For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.'" *Id.* (quoting 28 U.S.C. § 1404(a)). "In addition to the three enumerated factors, 'courts have considered many variants of the private and public interests protected by the language of § 1404(a).'" *Id.* (quoting *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995)).

### IV. DISCUSSION

Defendant has moved to dismiss Plaintiff's complaint for improper venue, contending that the Plan contains a valid forum selection clause, which states that: "Any civil suit brought against the Plan, its Administrator, Sponsor or any other Plan fiduciary may only be submitted

3

and filed in the United States District Court for the Northern District of Ohio." (ECF No. 5-3 at 56, 58). Defendant also avers that irrespective of the forum selection clause, venue is improper in New Jersey under ERISA. (ECF No. 5-4 at 11).

In opposition, "Plaintiff argues that to give effect to the forum selection clause would impermissibl[y] and fundamentally frustrate the ability for ERISA participants, or their assignees, from enjoying the 'ready access to the Federal Courts' without 'jurisdictional and procedural obstacles.'" (ECF No. 8 at 5 (quoting *Moore v. St. Paul Companies, Inc.*, No. 94-1329, 1995 WL 11187, at *3 (D.N.J. Jan. 3, 1995))). Plaintiff does not maintain that the forum selection clause is inapplicable to this matter, but that New Jersey is nonetheless a proper venue under ERISA. (*Id.* at 4-5).

Plaintiff's contention that the forum selection clause frustrates the purpose of ERISA is without merit "because this type of clause has already been held to be enforceable in the District of New Jersey." *Univ. Spine Ctr. v. 1199SEIU Nat'l Benefit Fund*, No. 17-8743, 2018 WL 1327109, at *2 (D.N.J. Mar. 15, 2018) (citing *Progressive Spine & Orthopaedics, LLC*, 2018 U.S. Dist. LEXIS 967, at *7; *Shah v. Wellmark Blue Cross Blue Shield*, No. 16-2397, 2017 WL 1186341, at *2 (D.N.J. Mar. 30, 2017), *appeal dismissed*, No. 17-1982, 2017 WL 5157741 (3d Cir. Aug. 23, 2017)). "These holdings from the District of New Jersey are neither unusual nor unreasonable." *Id.* (citing cases).

In support of its position, Plaintiff cites to *Dumont v. PepsiCo, Inc.*, 192 F. Supp. 3d 209 (D. Me. 2016), (ECF No. 8 at 5-6), "a case from the District of Maine that held that forum selection clauses in ERISA plans are contrary to the public policy of providing ready access to the federal courts, and that plaintiffs in ERISA actions should be permitted to litigate in venues of their own choosing." *Univ. Spine Ctr.*, 2018 WL 1327109, at *2 (citing *Dumont*, 192 F. Supp.

4

3d at 219-20). "However, the *Dumont* holding has been expressly rejected in the District of New Jersey." *Id.* (citing *Shah*, 2017 WL 1186341, at *2). "In addition, even *Dumont* itself acknowledges that '[t]he majority of district courts to address the issue have . . . held that forum selection clauses are permissible in the ERISA plan context.'" *Id.* (quoting *Dumont*, 192 F. Supp. 3d at 212). Accordingly, Plaintiff's argument is without merit.

Furthermore, the Court finds that putting the forum selection clause aside, Plaintiff's argument that New Jersey is a proper venue for this matter under ERISA is also without merit. "An action under ERISA 'may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found.'" *Schwartz v. Emp. Benefit Mgmt. Sys.*, No. 17-656, 2017 WL 2119446, at *2 (D.N.J. May 16, 2017) (quoting 29 U.S.C. § 1132(e)(2)). The parties appear to agree that Ohio is where the Plan is administered, where the breach took place, and where Defendant resides;[3] however, Plaintiff contends that Defendant "may be found" in New Jersey because "Defendant maintained minimum contacts with New Jersey, by administering health plans rendered in this state[.]" (ECF No. 8 at 4-5). Moreover, Plaintiff avers that "ERISA's venue provision is to be 'interpreted generously' given that 'Congress intended to provide "ready access to the Federal Courts"' and to 'remove jurisdictional and procedural obstacles[.]'" (*Id.* at 5 (quoting *Moore*, 1995 WL 11187, at *3)).

"Courts in this District have found that, when presented with a claim for improper denial of benefits under ERISA, the relevant inquiry for venue purposes will be 'where the breach took place, i.e., *where the decision to deny benefits occurred.*'" *Schwartz*, 2017 WL 2119446, at *2

---

[3] In fact, "Plaintiff addressed its July 11, 2017 'SECOND NOTICE OF APPEAL' to an Ohio address." (ECF No. 5-4 at 10 n.7 (quoting ECF No. 1-1 at 31-33)). Plaintiff's second notice of appeal is attached to the complaint, and therefore may be properly be considered by the Court with Defendant's motion to dismiss. *See supra* note 1.

5

(quoting *Plastic Surgery Ctr. v. Blue Cross Blue Shield of Mich.*, No. 13-2536, 2013 WL 5773120, at *3 (D.N.J. Oct. 23, 2013)). "This dispute arises from Defendant's failure to . . . reimburse Plaintiff for the . . . services provided to Defendant's participant or insured, i.e., Patient." (ECF No. 1-1 at 7). Because the Plan is administered in Ohio, the determination not to reimburse Plaintiff in the full amount requested occurred in Ohio, and therefore any alleged breach of the Plan also occurred in Ohio. *See Schwartz*, 2017 WL 2119446, at *2 ("Plaintiff's claims arise out of Defendants' partial denial of the reimbursement claim that Plaintiff submitted as the Patient's assignee. Given that the Plan is administered in Montana, the decision to partially deny reimbursement occurred in Montana. Any alleged breach therefore took place in Montana[.]").

Thus, irrespective of the Plan's forum selection clause, Ohio is the proper venue for this action to proceed. Plaintiff has not set forth any extraordinary circumstance that would permit this action to proceed in New Jersey. *See Univ. Spine Ctr.*, 2018 WL 1327109, at *3 (citing 29 U.S.C. § 1132(e)(2); *Schwartz*, 2017 WL 2119446, at *2 (holding that an ERISA action should proceed in Montana under Section 1132(e)(2), even though the plaintiff medical provider sought to litigate in New Jersey, because the ERISA plan at issue was administered in Montana); *Plastic Surgery Ctr.*, 2013 WL 5773120, at *3 (holding the same in finding that an ERISA action should proceed in Michigan)).

In lieu of dismissing Plaintiff's complaint, the Court will transfer this matter to the Northern District of Ohio.[4] *See Plastic Surgery Ctr.*, 2013 WL 5773120, at *2 (citing *Jumara*, 55 F.3d at 877 & n.3 (holding it proper for district court to invoke § 1404(a) to transfer venue

---

[4] Indeed, Defendant contemplates transfer of this matter in its motion to dismiss. (ECF No. 5-4 at 12 n.8 ("To the extent that the Court concludes that the forum selection clause alone does not mandate dismissal, this action should be transferred to the Northern District of Ohio pursuant to 28 U.S.C. § 1404(a))).

6

*sua sponte*, notwithstanding that motion sought outright dismissal of the action, where it was possible to determine an alternative appropriate venue); *Grier v. Univ. of Pa. Health Sys.*, No. 07-2475, 2007 WL 2900394, at *4-5 (D.N.J. 2007) (same)). *Cf. Univ. Spine Ctr.*, 2018 WL 1327109, at *3 n.2 (dismissing pursuant to Fed. R. Civ. P. 12(b)(3) plaintiff's complaint in a similar action, as opposed to transferring the matter to another district, because the plaintiff "did [not] specify whether the Southern District of New York or the Eastern District of New York . . . would be most appropriate"). Here, the Northern District of Ohio is an appropriate venue for this matter because of the Plan's forum selection clause and because the Plan is administered in Ohio, the determination not to reimburse Plaintiff in the full amount requested occurred in Ohio, and therefore any alleged breach of the Plan also occurred in Ohio. *See supra*. In light of the Court's decision to transfer this action, the Court need not consider the remaining arguments in Defendant's motion to dismiss and renders no opinion as to the merits of such arguments.

## V. CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss is denied; however, the Court will transfer this matter to the Northern District of Ohio. An appropriate Order accompanies this Opinion.

DATED: June 12, 2018

**CLAIRE C. CECCHI, U.S.D.J.**